# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4382 | **DATE** | 3/12/2001 |
| **CASE TITLE** | Moseley et al vs. Berg et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ **[Other docket entry]   Enter MEMORANDUM, OPINION AND ORDER: Defendant's motion to dismiss [10-1] is granted. Counts I and II are dismissed. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 13 2001 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN SCOTT MOSELEY and )
RICHARD W. HUSTED, )
)
Plaintiffs, )
) Case No. 00 C 4382
v. )
) Judge Wayne R. Andersen
BARBARA ANNE BERG and )
K. O. JOHNSON, )
)
Defendants. )

DOCKETED
MAR 1 3 2001

## MEMORANDUM OPINION AND ORDER

This case is before the court on a motion to dismiss brought by defendants Barbara Ann Berg and K.O. Johnson. For the following reasons, the motion is granted.

### BACKGROUND

Barbara Ann Berg brought a child support case pursuant to the Illinois Parentage Act against Kevin Scott Moseley before the Circuit Court for the Nineteenth Judicial Circuit, McHenry County, Illinois. Barbara Ann Berg v. Kevin Scott Moseley, 94-Fa-293 (Circuit Court of the Nineteenth Judicial Circuit, McHenry County, Illinois). Berg was represented by K.O. Johnson. Moseley was represented by Richard W. Husted.

Berg filed a petition for attorney's fees after Moseley and Husted filed a notice of appeal. In the petition, Berg alleged that Husted violated Illinois Supreme Court Rule 137 by filing an appeal frivolously for the purposes of harassing and embarrassing Berg. The Circuit Court Judge found in favor of Berg and awarded sanctions and attorney's fees in the amount of $10,074.06..

13

In the instant case, Moseley and Husted allege that their rights were violated in the McHenry case. Plaintiffs filed a two Count Complaint which is circuitous and difficult to decipher. In Count I, plaintiffs allege that Berg and Johnson knowingly violated the provisions of Illinois Supreme Court Rule 137 by filing the petition for attorney's fees pursuant to Rule 137 without complying with the strictures of that rule. Motions brought pursuant to Rule 137 must be filed within 30 days of the entry of final judgment. Plaintiffs allege that defendants violated Rule 137 by filing a petition for attorney's fees and sanctions after the expiration of the 30 day period.

Plaintiffs also allege, in Count I, that defendants and the Circuit Court Judge conspired to ignore the law and deprived them of their constitutional rights to due process of law, violated the Fourteenth Amendment, and violated Section 1983, 42 U.S.C. § 1983. Plaintiffs allege that defendants and the Circuit Court Judge were involved in a conspiracy to deprive plaintiffs of their due process rights, the right to an unbiased judge and have been subjected to malicious arrest and detention. In Count I, plaintiffs demand sixty-five thousand dollars and the cost of the suit.

In Count II, plaintiffs allege that on July 13, 1999, Johnson wrote a letter about Husted to the Attorney Registration and Disciplinary Commission ("ARDC") maliciously for the purpose of disbarring Husted and depriving Moseley of an attorney.

## DISCUSSION

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. Jones v. General Electric Co., 87 F.3d 209, 211 (7th Cir. 1996). Dismissal is properly granted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cushing v. City of

2

Chicago, 3 F.3d 1156, 1159 (7th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

I. Count I–Section 1983

In Count I of plaintiffs' Complaint, they claim that the defendants deprived them of property and liberty interests without due process of the law in violation of 42 U.S.C. § 1983. Specifically, they claim that their right to procedural due process under the Fourteenth Amendment was violated when the Circuit Court Judge awarded sanctions. Berg, 94-Fa-293 (December 3, 1999). Plaintiffs further allege that they have been deprived of their property and liberty interests because the defendants conspired with the Circuit Court Judge.

Defendants argue that plaintiffs have insufficiently alleged an essential element under Section 1983. We agree. Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." In order to state a claim under Section 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law. Brokaw v. Mercer County, 235 F.3d 1000, 1009 (7th Cir. 2000); Starnes v. Capital Cities Media, Inc., 39 F.3d 1394, 1396 (7th Cir.1994). To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate (1) that a state official and private individuals reached an understanding to deprive plaintiff of his constitutional rights, and (2) that those individuals were "willful participants in joint activity with the state or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Starnes, 39 F.3d at 1397.

In this case, the complaint does not satisfy the Fed. R. Civ. P. 8. The pleadings are confusing and contain no allegations of any facts describing the nature and scope of the conspiracy or the

3

manner by which defendants operate under color of state law. Plaintiffs allege that: (1) in the previous action, defendants knew they were violating the provisions of the Illinois Supreme Court Rule 137; (2) defendants and the Circuit Court Judge ignored the fact that they, by virtue of Illinois Supreme Court Rule 137, lacked jurisdiction over the fee petition; (3) the Circuit Court Judge's behavior was motivated by the conspiracy; and (4) Johnson's letter regarding Husted to the ARDC was for the purpose of disbarring Husted and depriving Moseley of an attorney. These allegations are not sufficient to meet Federal notice pleading standards.

> [N]otice implies some minimum description of the defendant's complained--of conduct. The purpose of this requirement is less to give the defendant enough information to begin to prepare a defense – if truly puzzled, he could always serve a contention interrogatory on the plaintiff – than to allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit, so that if he does not the case can be got rid of immediately without clogging the court's docket and imposing needless expense on the defendant.

Ryan v. Immaculate Queen Center, 188 F.3d 857, 866 (7th Cir. 1999); Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994); Charveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1430 (7th Cir. 1993); DM Research, Inc. v. College of American Pathologists, 170 F.3d 53, 56 (1st Cir. 1999).

Plaintiffs' allegations are not sufficient to satisfy Fed. R. Civ. P. 8. A conspiracy is an agreement. There is no indication of when an agreement between the Circuit Court Judge and the defendants was formed or what its terms were. The only allegation is that the Judge ruled in favor of the defendants, even though he allegedly did not have jurisdiction, as a part of the conspiracy. "The form and scope of the conspiracy are thus almost entirely unknown. This is a case of a bare allegation of conspiracy, and such an allegation does not satisfy Rule 8, either under all our cases

or cases in the other circuits that have dealt with the issue." Ryan, 188 F.3d at 866; Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998); Young v. Murphy, 90 F.3d 1225, 1233 (7th Cir. 1996); Goldschimdt v. Patchett, 686 F.2d 582, 585 (7th Cir. 1982); Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999); Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F.3d 1258, 1261 (11th Cir. 1998). Because plaintiffs have failed to allege any facts which would show a conspiracy with sufficient levels of specificity, the motion to dismiss Count I is granted. Plaintiffs request that we will find that the petition was improper according to Illinois law is not one which we entertain. State filing deadlines are an issue of state law and we will not intervene absent some credible allegation which triggers Federal jurisdiction. Plaintiffs remedy to the alleged Rule 137 violation was to appeal the Circuit Court Judge's decision to the Illinois Appellate Court.

II.     Count II–The Letter to the ARDC

In Count II of plaintiffs' complaint, they allege that defendants' letter to the ARDC was written in order to have Husted disbarred and to deprive Moseley of an attorney. Johnson argues that, after he consulted with the ARDC and was informed that reporting another attorney's misconduct was mandatory pursuant to Rule 8.3(a) of the Rules of Professional Conduct, he wrote a letter advising the ARDC of Husted's conduct.

As a member of the Illinois Bar, Johnson has an ethical obligation under Illinois Rule of Professional Conduct 8.3 to report any perceived violations of the Rules of Professional Responsibility by another attorney to the ARDC. In re Himmel, 125 Ill.2d 531, 127 Ill.Dec. 708, 533 N.E.2d 790 (1988) . "Any person who submits a claim to the client Protection Program or who communicates a complaint concerning an attorney to the Attorney Registration and Disciplinary Commission or its administrators, staff, investigators or any members of its boards, shall be immune

5

from all civil liability . . .." I.L.C.S. S. Ct. Rule 775 (2000). Illinois has, by Supreme Court rule, barred Plaintiffs' claim. Johnson is immune from *all* civil liability based on filing a complaint before the ARDC. Therefore, Count II is dismissed.

### III. Unauthorized Practice of Law

Richard W. Husted is not admitted to practice law before the United States District Court for Northern District of Illinois. Therefore, we bar him from filing any pleadings in this matter until he has been admitted *pro hac vice* or is admitted to practice law generally before this court. Although he may represent himself, he may not represent Kevin Moseley unless he is admitted to practice before this Court.

### CONCLUSION

For all the foregoing reasons, defendants' motion to dismiss is granted. Counts I and II are dismissed. This case is terminated.

It is so ordered

Wayne R. Andersen
United States District Judge

Dated: March 12, 2001